Ramsey v. Morrison.

---

DICK S. RAMSEY v. ALEXANDER MORRISON.

Where, on a loan of money, the borrower agreed to repay, at a certain time, the amount of the money loaned, with lawful interest, and further agreed, upon default made in such payment, to perfect and surrender to the lender certain shares of stock pledged as collateral security for the loan—*held* not to be usurious.

---

On rule to show cause why a new trial should not be granted.

Argued at June Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *Collins & Corbin.*

For the defendant, *Muirheid & McGee.*

The opinion of the court was delivered by

KNAPP, J.  The suit was upon a promissory note of the defendant for $250, made on September 18th, 1869, payable to the order of the plaintiff, one month after its date. The cause was heard before a referee, who reported in favor of the claim of the plaintiff for the amount of the note, with interest. The defendant asks to have the report set aside and a new trial granted, for which he has assigned several grounds.

On the hearing of the cause, defendant gave in evidence an agreement, bearing even date with the note signed by the defendant, reciting the giving of the note and the fact of placing in the hands of the plaintiff, as collateral security, twenty-five shares of the capital stock of the Empire City Stove Works, giving to the plaintiff power, at any time between the giving of the note and its maturity, to accept or take the stock in payment of the note; and further agreed that if the plaintiff did not retain the stock in payment of the note, at or before it became due, that he would pay the note promptly, when due, on the plaintiff delivering the stock to him. The agreement contained this further clause, " and in case I do not pay said note, by this agreement I forfeit said twenty-five shares of stock, and said note shall stand against me as a just and legal claim, with no power on my part to dispute the payment of said note. I further agree that if by the non-payment of said note, I forfeit said stock, said forfeiture shall in no way liquidate the whole or any portion of said note." It was further agreed that if the company ceased to exist, or the stock, from any cause, became worthless, the defendant would bear that loss.

On the argument of the rule to show cause, the court reserved the single question, whether the transaction disclosed by this agreement was usurious.

The contract between these parties, as shown by the note

and the agreement, was, that the defendant, in consideration of the loan of $250, made to him at the time, would, in one month from the date of the loan, pay the same back to the plaintiff, with lawful interest; and that if he failed to make such payment, according to the terms of the contract, that the twenty-five shares of stock placed in the hands of the defendant, by way of collateral security, should be forfeited to the plaintiff. This provision of forfeiture was by way of penalty for the non-performance of the contract. The contract itself called for no more than the payment of the sum loaned, with legal interest upon it, and the borrower had the right to pay to the plaintiff the principal and interest, according to the terms of his contract, and thereby avoid the penalty. It is essential to the nature of usury that a certain gain, exceeding the legal rate of interest, is to accrue to the lender as a consideration for the loan. If the gain to the lender, beyond the legal rate of interest, is, by the contract, made dependent on the will of the borrower, as where he may discharge himself from it by the punctual payment of the principal, the contract is not usurious. *Pomeroy* v. *Ainsworth*, 22 *Barb.* 120; 2 *Parsons on Notes and Bills* 413, *cases cited in note y; Cutler* v. *How*, 8 *Mass.* 257; *Parsons on Con.* (*5th ed.*) 116, *and note s; Roberts* v. *Trenayne, Cro. Jac.* 509.

This case comes clearly within the principle stated. The contract is not usurious. This being the only point raised, the plaintiff is entitled to judgment upon the report, and the rule is discharged.