250 N.J. Super. 434 (1991)
594 A.2d 1364
LARRY S. LOIGMAN, PLAINTIFF,
v.
DOREEN J. KEIM, DEFENDANT.
LARRY S. LOIGMAN, PLAINTIFF,
v.
PAUL SENA, DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Monmouth County.
Decided May 17, 1991.
*435 Larry Loigman, plaintiff, pro se.
MARK A. SULLIVAN, Jr., P.J.Cv.
These matters come before the court on applications for default judgments in suits by an attorney for fees. As part of the applications plaintiff requests interest at the rate of 1 1/2% a month, as provided for in the preprinted retainer agreements. The issue before the court is whether this provision violates the usury statute, N.J.S.A. 31:1-1, thereby causing plaintiff to forfeit all interest and costs pursuant to N.J.S.A. 31:1-3.
The relevant portion of N.J.S.A. 31:1-1(a) provides:
Except as herein and otherwise provided by law, no person shall, upon contract, take, directly or indirectly for loan of any money, wares, merchandise, goods and chattels, above the value of $6.00 for the forbearance of $100.00 for a year, or when there is a written contract specifying a rate of interest, no person shall take above the value of $16.00 for the forbearance of $100.00 for a year.
N.J.S.A. 31:1-3 then provides:
In all actions to enforce any note, bill, bond, mortgage, contract, covenant, conveyance, or assurance, for the payment or delivery of any money, wares, merchandise, goods, or chattels lent, and on which a higher rate of interest shall be reserved or taken than was or is allowed by the law of the place where the contract was made or is to be performed, the amount or value actually lent, without interest or costs of the action, may be recovered, and no more. If any premium or illegal interest shall have been paid to the lender, the sum or sums so paid shall be deducted from the amount that may be due as aforesaid, and recovery had for the balance only.
If those portions of the retainer agreements, calling for interest of 1 1/2% a month, violate the restriction that "when there is a written contract specifying a rate of interest, no person shall take above the value of $16.00 for the forbearance of $100.00 for a year," then the consequences of N.J.S.A. 31:1-3 would apply.
*436 The courts of this State have not dealt with this issue since 1877 when the Supreme Court decided the case of Ramsey v. Morrison, 39 N.J.L. 591 (Sup.Ct. 1877). In that case defendant had borrowed money from plaintiff on a one month note. On the same date as the note, the parties had entered into an agreement whereby defendant posted as collateral, 25 shares of stock. The agreement provided that, if the note were not paid in one month, the collateral would be forfeited without any offset as to the principal. Defendant argued that this agreement was usurious. The court held that it was not for the following reasons:
It is essential to the nature of usury that a certain gain, exceeding the legal rate of interest, is to accrue to the lender as a consideration for the loan. If the gain to the lender, beyond the legal rate of interest, is, by the contract, made dependent on the will of the borrower, as where he may discharge himself from it by the punctual payment of the principal, the contract is not usurious. [Id. at 593.]
The argument might well be raised in this day of revolving credit agreements that numerous transactions, that are unquestionably subject to usury regulations, involve situations where the debtor "may discharge himself from [them] by the punctual payment of the principal." This court can take judicial notice that most credit cards do not charge interest on sums paid within 30 days.
This issue has been dealt with by other states. A most interesting comparison, however, involves Louisiana where article 2924 of the civil code provides:
The owner of any promissory note, bond or other written evidence of debt for the payment of money to order or bearer or transferrable [transferable] by assignment shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note [,] bond or other written evidence of debt for the payment of money may include a greater rate of interest or discount than eight per cent per annum; provided such obligation shall not bear more than eight per cent per annum after maturity until paid.
There can thus be a reverse situation there, where interest, prior to the maturity, may exceed the usury rate, but interest after maturity may not. Thrift Funds of Baton Rouge, Inc. v. *437 Jones, 274 So.2d 150, 154 (La.Sup.Ct. 1973) holds that this practice is to be limited to commercial discounting.
The majority view appears to be that provisions for interest that are dependent upon some default of the buyer before they become operative, are not subject to usury regulation. Klapper v. Integrated Agr. Mgt. Co., 539 N.Y.S.2d 812 (App.Div. 1989).
One relatively recent case in New Jersey which deals with a companion issue is Feller v. Architects Display Buildings, Inc., 54 N.J. Super. 205, 148 A.2d 634 (App.Div. 1959). Although that case turned on the inapplicability of usury statutes to corporate obligations, it further held:
A corrollary point is raised with reference to the charge of 1/23 of 1% interest per day after default as being a penalty. As to the first loan, i.e. $250,000, the due date was December 30, 1957. For the period of time from the date of the loan, February 4, 1957 to December 30, 1957, plaintiffs received $11,460 advance interest payments plus the service charge of $28,540 which plaintiffs concede amounts to interest as well by deducting the amount from the face amount of the loan. By the terms of the loan no default could take place until after December 30, 1957. It is the general rule in the case of a corporate borrower that it is not illegal to provide for a higher rate of interest than the legal rate after maturity, but if such rate is unconscionably high it will be unenforceable because it amounts to a penalty [at 213].
It appears, and it is the ruling of this court, that the law of this State is consistent with the majority view that the usury statute N.J.S.A. 31:1-1, does not apply to interest on defaulted obligations. This exception, however, should be narrowly construed to apply only in situations where the true intent of the parties is for the default not to occur, and may not be applied in cases where a default is the expected occurrence. Heelan v. Security National Bank, 73 Misc.2d 1004, 343 N.Y.S.2d 417, 422 (Dist.Ct. 1973).
The application for costs and interest is allowed.