■ LUMBER INDUSTRIES, INC., Appellant, v. WOODLAWN FURNITURE CORP. et al., Respondents.— Order, entered April 27, 1966, denying the motion of plaintiff-appellant for summary judgment in its favor, unanimously reversed, on the law, with $50 costs and disbursements to plaintiff, and the motion is granted. Plaintiff sued on 19 defaulted promissory notes, signed by the corporate defendant and guaranteed by its sole stockholder, the individual defendant. The notes represent unpaid sums arising out of two contracts between the parties. Defendants admit the execution and delivery of the notes as well as default but assert two defenses (each of which is also designated as a counterclaim), namely, that defendants were fraudulently induced by alleged misrepresentations of plaintiff to enter into the contracts at issue and secondly, that plaintiff's continuing misrepresentations breached the contracts. Defendants

have waived any defenses based on alleged fraud that they might have had to these notes. When the contractual relationship between the parties terminated in July of 1965, defendants requested additional time to pay its accrued indebtedness under the contracts. Plaintiff agreed and accepted a series of 12 notes, payment of which was to commence on July 20, 1965. Upon further requests of defendants, plaintiff acceded to two further renewals in August and September of 1965. Payment on the third set of notes, which form the basis of this action, was to commence on September 22, 1965. In answer to plaintiff's argument that the individual defendant had learned of the plaintiff's alleged misrepresentations prior to the time that defendants requested and received the three extensions of the notes, the individual defendant stated generally that he did not learn of the fraud until " Early to the middle of September [1965] ". However, documents produced at his examination before trial as well as his admissions that he had obtained oral price quotations prior to September, 1965 establish that he must have obtained the knowledge upon which the alleged claim of misrepresentation is now based no later than August of 1965. As this is the case, defendants accepted and even solicited extensions of time to defray their obligations at a time when they were aware of the plaintiff's alleged antecedent fraud. Consequently, defendants have waived their present defenses (24 Am. Jur., Fraud and Deceit, § 214, especially p. 43; see *Oleet* v. *Pennsylvania Exch. Bank,* 285 App. Div. 411, 415; Anno: Fraud-Waiver by Subsequent Dealing, 106 A. L. R. 172, 177). Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.