◼ MICHAEL KLAPPER, Respondent, v INTEGRATED AGRICULTURAL MANAGEMENT COMPANY, INC., et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Cobb, J.), entered April 7, 1988 in Columbia County, which partially granted plaintiff's motion for summary judgment.

In 1982 and 1983 plaintiff sold six Holstein-Friesian cows to defendants in consideration of part immediate payment and part deferred payment as reflected in six separate promissory notes. By 1985, defendants began to fall behind in their obligations under the promissory notes and, in 1986, the parties entered into an agreement to extend and modify defendants' repayment obligations. Pursuant to this agreement, a total of seven new promissory notes were executed in 1986.

When defendants failed to timely make the scheduled payments pursuant to the terms of the 1986 promissory notes, plaintiff demanded accelerated payment as provided for in the notes. Upon defendants' continued default, plaintiff commenced this action, by motion for summary judgment in lieu of a complaint, seeking judgment on the notes in the amount of $57,758.55, with interest from August 1, 1987. In opposition, defendants sought dismissal of the action against the individual defendants, Richard A. Osofsky and Ronald Osofsky, based on claims of usury and that the promissory notes were solely corporate obligations. Defendants also asserted the defense of fraud in the inducement, based on allegations that they were induced to enter into the original purchase transaction in reliance upon plaintiff's false representation that he would purchase a large number of cows from them within the next 12 months following the sale. Supreme Court granted plaintiff partial summary judgment against all defendants, finding a triable issue of fact only with respect to an alleged breach of a pregnancy guarantee on one of the cows. This appeal by defendants ensued.

Defendants' first contention on appeal is that Supreme Court erred in finding that the individual defendants were personally liable on the promissory notes. This issue is controlled by UCC 3-403 (2) (b), under which an authorized representative who signs his own name to an instrument: "except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity". Defendants contend that since the payor on the notes is referred to as "the undersigned, a domestic corporation", the two individual defendants, Richard A. Osofsky and Ronald Osofsky, were sufficiently shown to have signed in their representative capacities to escape personal liability. We disagree.

At the end of each of the notes at issue, the name of the corporate defendant is typed and is followed by three signature lines. The first line of each note bears the signature of Richard A. Osofsky followed by the word "Secretary". On the second and third lines of each note are the signatures of Richard A. Osofsky and Ronald Osofsky without any accompanying words similarly indicating a representative capacity. If, as defendants contend, the Osofskys only signed the notes as representatives of the corporate defendant, the second signature of Richard A. Osofsky without such designation would have been entirely superfluous. Moreover, each note expressly

made its obligation binding upon, *inter alia,* "the undersigned's * * * heirs", a provision clearly inconsistent with its being a solely corporate obligation. Thus, the notes cannot be read as showing on their face that the Osofskys signed only in a representative capacity *(see,* UCC 3-403 [2] [b]; *see also, Manufacturers Hanover Trust Co. v Eisenstadt,* 64 Misc 2d 397). This being the case, summary judgment against the individual defendants was proper, since they failed to submit definite evidence establishing an agreement, understanding or course of dealing by virtue of which plaintiff would only hold the corporate defendant liable *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 229).

Defendants also contend that the notes are void on the ground of usury. We disagree. As Supreme Court found, the 18% per annum rate of interest became applicable to defendants only upon default of their obligation to pay in accordance with the terms of the notes. The defense of usury does not apply where the terms of a promissory note impose a rate of interest in excess of the statutory maximum only after maturity of the note *(Flynn v Dick,* 13 AD2d 756, 757).

We also reject defendants' contention that their allegations of fraud in the inducement were sufficient to preclude the granting of partial summary judgment. As already discussed, the fraud claimed by defendants was plaintiff's false promise to purchase cows from defendants within the first 12 months following the parties' original transactions in 1982 and 1983. Even accepting this contested allegation as true, the execution of the extension agreement some 3 or 4 years later, without plaintiff having purchased any cows, constituted a waiver of any defenses based on the alleged fraud in connection with the original set of notes *(see, Lumber Indus. v Woodlawn Furniture Corp.,* 26 AD2d 924). We have considered defendants' other contentions and find them to be without merit.

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.