■ JOSEPH SPADA et al., Respondents, v B. W. ENERGY SYSTEMS EAST, INC., et al., Appellants, et al., Defendant.— Order of Supreme Court, New York County (Wright, J.), entered September 18, 1989, *inter alia,* deeming plaintiffs' motion to be one for reconsideration and granting plaintiffs' motion to the extent of permitting plaintiffs to amend their complaint and to serve a second amended consolidated complaint, unanimously affirmed, without costs.

Plaintiffs' cause of action under the Racketeer Influenced and Corrupt Organizations Act (RICO; 18 USC § 1961 *et seq.)* was originally dismissed by the IAS court for lack of jurisdiction. Subsequent to that determination, the Court of Appeals held in *Simpson Elec. Corp. v Leucadia, Inc.* (72 NY2d 450) that State courts enjoy concurrent jurisdiction over civil RICO claims. Based upon this determination, plaintiffs moved to amend their complaint to reassert the RICO claim, or alternatively, for reargument or renewal of the court's prior dismissal of their claim. The IAS court, deeming plaintiffs' motion to be one for reconsideration, granted plaintiffs' motion to amend the complaint and to reassert the RICO claim against defendants.

Defendants argue that plaintiffs' motion to reargue was untimely, inasmuch as the time to appeal from the prior determination had expired, and that the intervening change in law did not constitute a basis for renewal. However, as noted in *Liss v Trans Auto Sys.* (68 NY2d 15, 20), "every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action".

We believe the IAS court retained discretion to grant plaintiffs' motion to amend the complaint under these circumstances. Concur—Kupferman, J. P., Carro, Kassal, Ellerin and Smith, JJ.