■ PAULA A. SCULLY, Respondent, v ELLEN SUN et al., Appellants.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered February 9, 1990, which *inter alia,* granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.

Plaintiff is the holder of a promissory note executed and delivered in New York on June 30, 1983, by defendants, and payable on demand with interest at 15% per annum. The body of the note states that "on demand, Ellen Sun/Wai May Designs, Inc. or Wai May Designs or Ellen Sun agrees to pay". The signature line reads Ellen Sun/Wai May Designs, Inc. and under the signature of Ellen Sun are the words "Ellen Sun, President". Plaintiff's motion for summary judgment in lieu of complaint was granted upon a finding that defendant had failed to raise a question of fact regarding her personal liability under the terms of the overdue note. Defendant moved for renewal and reargument and the court granted the reargument to the extent of reducing the amount owed by the amount of interest paid.

The court correctly found that defendant had failed to raise a question of fact regarding her personal liability, as she failed to submit proof showing a mutuality of intent necessary to constitute an agreement or understanding of fact that the notes were signed in a representative capacity only *(Rotuba Extruders v Ceppos,* 46 NY2d 223). The note contained language stating that defendant Ellen Sue was to be individually liable and she did not meet her burden of showing "definite evidence establishing an agreement, understanding or course of dealing by virtue of which plaintiff would only hold the corporate defendant liable". *(Klapper v Integrated Agric. Mgt. Co.,* 149 AD2d 765, 767.) Concur—Murphy, P. J., Milonas, Ellerin, Kupferman and Rubin, JJ.