■ VINCENT JACHETTA et al., Plaintiffs, v VIVONA ESTATES, INC., et al., Defendants, and GOLDBERG & GOLDBERG et al., Defendants and Third-Party Plaintiffs-Appellants. MELVIN B. LIPPE, Individually and Doing Business as LERNER & LIPPE, Third-Party Defendant-Respondent. [672 NYS2d 111] —In an action, *inter alia*, to recover damages for fraud and breach of a contract to sell real property, the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated February 25, 1997, as granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties to this real estate contract closed title absent a

certificate of occupancy, which was issued several years later. The plaintiffs, who were the purchasers, commenced this action against the attorney who represented them at the time title closed, alleging malpractice, and against the sellers, alleging fraud and breach of contract. The purchasers' former attorney commenced a third-party action against the attorney who represented the sellers at the time title closed, Melvin B. Lippe, individually and doing business under the firm name and style Lerner & Lippe, seeking contribution and indemnification, based upon a representation made by either the sellers or their attorney at closing that the certificate of occupancy would be delivered in two weeks.

The Supreme Court properly granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party complaint. The express terms of the contract required that a certificate of occupancy be delivered at closing only "if available". The parties' deposition testimony established that either before, or at the latest, by the closing date, the purchasers and their attorney were aware that there was no certificate of occupancy. The evidence further established that the purchasers and their attorney were aware, even before the contract was signed, that there was a problem with the septic system. Thus, they were put on notice of the facts underlying their present claim of fraud, and the nature and severity of the septic system problem were easily discoverable.

"[I]f the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations" (*Shumaker v Mather,* 133 NY 590, 596; *see, Danann Realty Corp. v Harris,* 5 NY2d 317, 322; *Bando v Achenbaum,* 234 AD2d 242; *Rodas v Manitaras,* 159 AD2d 341; *DiFilippo v Hidden Ponds Assocs.,* 146 AD2d 737). In any event, apart from any claim that the plaintiffs may have against their own attorney—an issue that is not before us, and upon which we express no opinion—neither they nor their attorney have a cause of action against the sellers' attorney (*see, Aglira v Julien & Schlesinger,* 214 AD2d 178, 183; *LoGalbo v Plishkin, Rubano & Baum,* 197 AD2d 675). Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.