(August 16, 1999)

■ BARRIER SYSTEMS, INC., Appellant, v A.F.C. ENTERPRISES, INC., et al., Respondents. [694 NYS2d 440] —In an action, *inter alia,* to recover damages for breach of an equipment lease, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated June 9, 1998, which denied its motion for partial summary judgment in its favor for unpaid rent in the amount of $275,658.62.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The defendant A.F.C. Enterprises, Inc. (hereinafter A.F.C.) leased from the plaintiff a movable barrier system to be used in connection with highway construction work. The system included numerous sections of movable barrier and a "TTV-3 Transfer and Transport Vehicle" (hereinafter TTV) which was used to move the barrier sections from one location to another. Before entering into the lease, A.F.C. had observed, at the plaintiff's suggestion, another contractor using a TTV and movable barriers obtained from the plaintiff in connection with an unrelated project.

Shortly after a different TTV was delivered to A.F.C.'s work site, A.F.C. allegedly began experiencing mechanical and operational difficulties with it. Notwithstanding a number of attempts by the parties to resolve these problems, A.F.C. repeatedly complained to the plaintiff regarding the failure of the TTV to perform as expected and as promised. A.F.C. personnel subsequently contacted the other contractor which they had observed using a TTV, and learned that the TTV supplied to that contractor had a "capstan drive" or "gripper device" which facilitated movement of the barrier sections. Hence, in a letter dated November 12, 1993, A.F.C.'s project manager complained to the plaintiff that the TTV leased to it was "inappropriate for this project" and was causing A.F.C. "considerable extra work and expense due to the lack of a 'gripper device' ". In a subsequent letter dated December 8, 1993, the project manager again advised the plaintiff that the TTV was "inadequate" and that "project conditions have demonstrated the necessity of a capstan drive". Notwithstanding the foregoing protests, A.F.C., which had fallen behind in its payments under the lease, entered into a lease modification with

the plaintiff on or about December 20, 1993, wherein it obtained an extension of time within which to make the remaining payments. The plaintiff subsequently provided A.F.C. with another TTV equipped with a capstan drive, and the construction work was completed without further incident.

The plaintiff commenced this action after A.F.C. failed and refused to make payments totalling $275,658.62 remaining on the modified lease. When the plaintiff moved for partial summary judgment, A.F.C. opposed the motion, contending that the plaintiff had intentionally misrepresented the features and performance characteristics of the TTV and had employed "bait and switch" tactics to fraudulently induce A.F.C. into believing that the TTV which it leased would be equipped with a capstan drive. The Supreme Court denied the plaintiff's motion. We reverse.

A.F.C. cannot avoid partial summary judgment by asserting fraud in the inducement and other arguments related to the inadequacy of the equipment, inasmuch as it entered into the lease modification agreement, made substantial payments thereunder, and continued to use the leased equipment after learning of the alleged fraud and bait and switch tactics in which the plaintiff allegedly engaged. Hence, A.F.C. confirmed and acknowledged its obligations under the lease at a time when it was aware of the purported fraud and of the alleged shortcomings of the TTV (*see, European Am. Bank v Syosset Autorama,* 204 AD2d 266; *Gannett Co. v Tesler,* 177 AD2d 353; *Klapper v Integrated Agric. Mgt. Co.,* 149 AD2d 765; *Lumber Indus. v Woodlawn Furniture Corp.,* 26 AD2d 924). "Whether under a waiver or ratification analysis, a party may not avoid an agreement on grounds of fraud if, after acquiring knowledge of the fraud, he affirms the contract by accepting a benefit under it" (*Agristor Leasing-II v Pangburn,* 162 AD2d 960, 961; *see, Sugar Cr. Stores v Pitts,* 198 AD2d 833; *see generally, Bowmer v H.C. Louis, Inc.,* 243 Cal App 2d 501, 52 Cal Rptr 436). Accordingly, the plaintiff is entitled to partial summary judgment on its claim for unpaid rent. O'Brien, J. P., Sullivan, Joy and Smith, JJ., concur.