Andrew SFERRA, Plaintiff,

v.

Richard M. MATHEW, Defendant.

No. 99 CV 3717(ADS).

United States District Court,
E.D. New York.

June 28, 2000.

Thomas D. Czik, Garden City, NY, for plaintiff.

. Conforti Waller & Kaplowitz, LLP, Hauppauge, NY, by Anthony T. Conforti, of counsel, for defendant.

## ORDER

SPATT, District Judge.

This litigation involves multiple claims of common law breach of fiduciary duty and fraud by Andrew Sferra (the "plaintiff" or "Sferra") against his former attorney Richard M. Mathew, Esq. (the "defendant" or "Mathew") in connection with the purchase of real property located in Bridgehampton, New York.

On May 17, 2000, this case was certified as trial ready by United States Magistrate Judge E. Thomas Boyle. On June 5, 2000, a jury was selected to hear this case which is scheduled to commence on July 6, 2000. Presently before the Court is a motion for summary judgment, fully briefed by the parties on June 23, 2000, seeking dismissal of the plaintiff's amended complaint.

## I. BACKGROUND

Unless otherwise stated, the facts set forth below are taken from the plaintiff's amended complaint. In January 1995, Sferra retained Mathew to serve as his attorney in connection with the purchase

of a forty acre parcel of real property located in Bridgehampton, New York (the "property") from the Hampton Day School (the "School"). On February 6, 1995, Sferra signed a contract for the sale of the property. Apparently, the School never executed the contract. Under the terms of the contract, a down payment in the sum of $45,000 was provided by Sferra in a check made payable to Mathew as attorney. The contract did not contain a mortgage contingency clause.

On an unspecified date, Sferra informed Mathew that he wanted to negotiate to add a mortgage contingency clause to the contract. Sferra instructed Mathew to submit a rider to the contract with a mortgage contingency clause. Mathew told Sferra that he would not submit a rider unless he received written instructions to that effect from him. In addition, Mathew told Sferra that the only way to provide for such a financing contingency was to revoke the existing contract and enter into a new agreement with the school. Sferra disagreed and instructed Mathew to prepare and send a rider to the contract to the School's attorney. On April 12, 1995, in a written fax transmission Sferra instructed Mathew that if the School did not sign the contract by September 1, 1995, he would withdraw his signature pending the addition of a financial contingency rider to the contract.

The amended complaint further alleges that Mathew did not prepare and send the School a rider to the contract containing a financial contingency clause. Instead, in a letter dated April 12, 1995, Mathew advised the School's attorney that Sferra was withdrawing his offer to purchase the property. On April 27, 1995, Sferra faxed Mathew a proposed rider to the contract. Mathew did not send the rider to the School. Sferra alleges that he did not learn of Mathew's April 12, 1995 letter withdrawing his offer until May 1, 1995. On May 8, 1995, Mathew told Sferra that the school received another offer to pur-chase the property after his offer was withdrawn.

The new purchaser of the property was Alfred P. Tuff ("Tuff"). Interestingly, in connection with Tuff's purchase of the property, Mathew served as his attorney. It is alleged that after Tuff purchased the property from the School, he sold a portion of the property to Mathew. Sferra asserts that but for the acts and omissions of Mathew he would have purchased the property from the school.

On July 1, 1999 Sferra filed the complaint in this action. On March 6, 2000, Sferra filed an amended complaint asserting ten causes of action. The first, second, fourth, sixth, and tenth causes of action assert claims of a breach of fiduciary duty. The third cause of action is for breach of the duty of good faith and loyalty. The fifth and seventh causes of action assert claims of fraud. The eighth cause of action sounds in fraudulent misrepresentation. The ninth cause of action alleges a cause of action for intentional interference with contractual relations.

Pursuant to Local Civil Rule 56.1, Mathew filed a 56.1 statement in conjunction with his motion for summary judgment seeking dismissal of the plaintiff's first amended complaint. The 56.1 statement asserts that there are no genuine factual issues to be tried with regard to the following three material facts: (1) the defendant was retained by the plaintiff in January 1995 to serve as the plaintiff's attorney in connection with the plaintiff's purchase of real property located in Bridgehampton, New York; (2) the defendant's representation of the plaintiff concluded on May 8, 1995; and (3) all statements made by the defendant to the plaintiff and all actions taken by the defendant with respect to the plaintiff's attempt to purchase the property were made or taken in the context of an attorney-client relationship. Sferra does not take issue with the first two facts asserted in the defendant's 56.1 statement, but contends that there were statements made by Mathew to Sferra that were not

made in the context of the attorney-client relationship.

## II. DISCUSSION

### A. *Summary Judgment Standard*

A court may grant summary judgment "only if the pleadings and evidentiary submissions demonstrate the absence of any genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Tasini v. New York Times Co.*, 192 F.3d 356, 360 (2d Cir.1999); *see also Hunt v. Cromartie*, 526 U.S. 541, 119 S.Ct. 1545, 1550, 143 L.Ed.2d 731 (1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 [1986]; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 [1986] ); *Turner v. General Motors Acceptance Corp.*, 180 F.3d 451, 453 [2d Cir.1999]; Fed.R.Civ.P. 56[c]. In this determination, the Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998); *Twin Lab., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir.1990); *Tasini*, 192 F.3d at 360.

According to the Second Circuit, "[s]ummary judgment is a tool to winnow out from the trial calendar those cases whose facts predestine them to result in a directed verdict." *United National Ins. Co. v. The Tunnel, Inc.*, 988 F.2d 351, 355 (2d Cir.1993). Once a party moves for summary judgment, in order to avoid the granting of the motion, the non-movant must come forward with specific facts showing that a genuine issue for trial exists. *Fagan v. New York State Elec. & Gas Corp.*, 186 F.3d 127, 132 (2d Cir.1999); *West–Fair Elec. Contractors v. Aetna Cas. & Surety Co.*, 78 F.3d 61, 63 (2d Cir.1996); *see also Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990) (quoting Fed.R.Civ.P. 56[e] ). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. 2505.

However, mere conclusory allegations, speculation, or conjecture will not avail a party resisting summary judgment. *Kulak v. City of New York*, 88 F.3d 63, 70 (2d Cir.1996). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 129 (2d Cir.1996), *cert. denied*, 520 U.S. 1228, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir.1991); *Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 100 (2d Cir.1998). Finally, the Court is charged with the function of "issue finding," not "issue resolution." *Gallo v. Prudential Residential Services*, 22 F.3d 1219, 1224 (2d Cir.1994).

"Although the basic summary judgment principles govern, summary judgment may be particularly appropriate as to statute of limitations issues, since that defense often does not involve a genuine question of material fact." *Bellsouth Telecommunications, Inc. v. W.R. Grace & Co.*, 918 F.Supp. 533, 535 (D.Conn.1994) (quoting 6 Pt. 2 J. Moore, Federal Practice ¶ 56.17[58] at 606) (citing *DeLuca v. Atlantic Refining Co.*, 176 F.2d 421, 424 [2d Cir.1949] [L. Hand, J.]; *Peto v. Madison Square Garden Corp.*, 384 F.2d 682, 683 [2d Cir.1967], *cert. denied*, 390 U.S. 989, 88 S.Ct. 1185, 19 L.Ed.2d 1293 [1968] ).

It is within this framework that the Court addresses the present motion for summary judgment.

### B. *The Statute of Limitations*

Both parties point to New York Civil Practice Law and Rules ("CPLR") Section 214 which states, in pertinent part:

The following actions must be commenced within three years:

4. an action to recover damages for an injury to property. . . .

6. an action to recover damages for malpractice ... regardless of whether the underlying theory is based in contract or tort.

The Second Circuit has stated that monetary claims for a breach of fiduciary duty under New York law is governed by the three year statute of limitations set-forth in CPLR 214(4). *See The Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 942 (2d Cir. 1998); *see also Rotter v. Leahy*, 93 F.Supp.2d 487, 498 (S.D.N.Y.2000) (holding that "[a]ctions for equitable relief for breach of fiduciary duty have a six-year statute of limitations, while actions seeking monetary damages for such breach have a three-year statute of limitations.") (other citations omitted). As the plaintiff's claims for breach of fiduciary duty seek only monetary damages, the three year statute of limitations applies.

■ Mathew claims that the first, second, third, fourth, sixth, ninth, and tenth causes of action are barred by a three year statute of limitations. While Sferra does not dispute the plaintiff's assertion that a three year statute of limitations applies to the first, second, third, fourth, sixth, ninth and tenth causes of action, Sferra argues that the causes of action did not begin to accrue until May 30, 1997, when Sferra allegedly learned that Mathew had bought and sold part of the disputed property for a profit of $200,000. Nowhere in Sferra's amended complaint, is there an allegation that he did not learn of Mathew's purported interest in the disputed property until May 30, 1997. In addition, the amended complaint states that "Sferra did not learn of Mathew's April 12, 1995 letter withdrawing Sferra's offer until May 1, 1995."

Mathew admits that he did not send the rider as demanded by Sferra and Sferra concedes that as of May 1, 1995, he knew that Mathew had withdrawn his offer against his wishes. Therefore, the Court finds that any cause of action asserting that Mathew failed to obey the instructions of his client, with regard to the withdrawal of this offer, began to run, at the latest, by May 1, 1995. This action was commenced on July 1, 1999. As a result, the first, second, third and ninth causes of action must be dismissed, as they are all based on Mathew's withdrawing Sferra's offer to purchase the disputed property or Mathew's refusal to obey Sferra's instructions.

Whether or not Sferra was aware of Mathew's interest in the disputed property or his representation of the ultimate purchaser of the disputed property is not relevant as to the first, second, third and ninth causes of action as these claims center on Mathew's failure to send the School the rider and his unauthorized withdrawal of the contract without Sferra's consent. As Sferra was aware of these facts by May 1, 1995, the latest a complaint could have been filed was May 1, 1998—three years later. As the complaint was filed on July 1, 1999, the Court grants the motion by the defendant to dismiss the first, second, third and ninth causes of action as barred by the three year statute of limitations.

■ However, the Court finds that the statute of limitations as to the fourth, sixth and tenth causes of action did not commence until Sferra knew or should have known that Mathew had purchased the disputed property from an individual whom he represented, which occurred on May 30, 1997. The fourth, sixth and tenth causes of action assert claims that either: (1) Mathew breached his fiduciary duty by not informing Sferra that he had an interest in purchasing a portion of the disputed property; or that (2) Mathew had an obligation not to represent an individual with interests adverse to those of Sferra's. Clearly, for purposes of the statute of limitations, these causes of action did not commence, until such time as Sferra knew or should have known that Mathew represented an individual who purchased the School property and sold a portion of the disputed property to Mathew. *See Stull v. Bayard*, 561 F.2d 429, 432 (2d Cir.1977)

(holding that in a fraud cause of action, the statute of limitations does not begin to run until "the plaintiff has actual knowledge of the alleged fraud or knowledge of facts which in the exercise of reasonable diligence should have led to actual knowledge.") As such, the Court denies the defendant's motion for summary judgment seeking dismissal of the fourth, sixth and tenth causes of action alleging breach of fiduciary duty.

### C. The Causes of Action Sounding in Fraud

Fraud causes of action are governed by a six year statute of limitations. *See* CPLR 213(8). The defendant claims that the fifth, seventh and eighth causes of action, sounding in fraud, should be dismissed as they do not set forth a sufficient factual basis. Based on the extremely limited Rule 56.1 statement filed by the defendant, it would not be possible for the Court to determine that, as a matter of law, there exists no genuine issues of material fact with regard to the claims of fraud in regard to the fifth, seventh and eighth causes of action. Therefore, while the Court will entertain a motion for judgment as a matter of law pursuant to Fed. R.Civ.P. 50 at the end of the plaintiff's case, the Court denies the defendant's motion for summary judgment seeking dismissal of the fifth, seventh and eight causes of action.

### III. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED,** that Richard M. Mathew's motion for summary judgment seeking dismissal Andrew Sferra's amended complaint is **GRANTED in part, and DENIED in part;** and it is further

**ORDERED,** that Mathew's motion for summary judgment seeking dismissal of the first, second, third, and ninth causes of action is **GRANTED** and those causes of action are **DISMISSED** as barred by the three year applicable statute of limitations; and it further

**ORDERED,** that Mathew's motion for summary judgment seeking dismissal of the fourth, sixth and tenth causes of action on the basis of the statute of limitations is **DENIED;** and it is further

**ORDERED,** that Mathew's motion for summary judgment seeking dismissal of the fifth, seventh and eighth causes of action is **DENIED;** and it is further

**ORDERED,** that as previously directed, the parties are to appear for trial on July 6, 2000 at 9:00 AM on the fourth, fifth, sixth, seventh, eighth and tenth causes of action.

**SO ORDERED**