■ DANIEL HENSEN et al., Appellants-Respondents, v VIRGINIA M. MITCHELL et al., Respondents-Appellants, et al., Defendant. [733 NYS2d 449] —In an action, *inter alia,* to recover upon a promissory note, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 25, 2000, as denied those branches of their cross motion which were for summary judgment on their cause of action against the defendants Vir-

ginia M. Mitchell and Virginia M. Mitchell, DDS, P. C., to recover upon a promissory note, and for summary judgment dismissing the counterclaims of the defendants Virginia M. Mitchell and Virginia M. Mitchell, DDS, P. C., to recover damages for breach of contract, fraud, and negligent misrepresentation, and the defendants Virginia M. Mitchell and Virginia M. Mitchell, DDS, P. C., cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment on the issue of liability on their counterclaim to recover damages for breach of contract, and the defendants Anthony W. Mercep and Glynn and Mercep separately cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the cross claim of the defendants Virginia M. Mitchell and Virginia M. Mitchell, DDS, P. C., to recover damages for fraud and negligent misrepresentation, insofar as asserted against them.

Ordered that the order is modified by (1) deleting the provisions thereof denying those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on their cause of action asserted against the defendant Virginia M. Mitchell, to recover upon a promissory note, and dismissing the counterclaim of the defendants Virginia M. Mitchell and Virginia M. Mitchell, DDS, P. C., to recover damages for fraud and negligent misrepresentation, insofar as asserted against them, and substituting therefor provisions granting those branches of the cross motion, (2) deleting the provision thereof denying that branch of the motion of the defendant Virginia M. Mitchell which was for summary judgment on the issue of liability on her counterclaim to recover damages for breach of contract and substituting therefor a provision granting that branch of the motion, and (3) deleting the provision thereof denying that branch of the cross motion of defendants Anthony W. Mercep and Glynn and Mercep, which was for summary judgment dismissing the cross claim of the defendants Virginia M. Mitchell and Virginia M. Mitchell, DDS, P. C., to recover damages for fraud and negligent misrepresentation, insofar as asserted against them, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Daniel Hensen entered into a contract with the defendant, Virginia M. Mitchell (hereinafter the buyer), for the sale of a dental practice, and simultaneously, Daniel Hensen and the plaintiff Lita Hensen, his wife (hereinafter the sellers),

entered into a separate contract with the buyer to sell the building used for the operation of the dental practice. The contract of sale for the dental practice provided, *inter alia*, that the sellers would retain ownership of the accounts receivable, which remained due and owing as of the closing date. After the closing, the buyer executed a promissory note payable to the sellers for $18,000 for the accounts receivable, to be paid in installments. The sellers contend that subsequently the note was orally modified to reflect that the buyer owed the sellers an additional $534 in accounts receivable. The buyer made regular payments on the promissory note until May 1999, when she defaulted.

The sellers are entitled to summary judgment on the issue of liability on their cause of action against the buyer to recover on the promissory note, since the buyer failed to establish the existence of a triable issue of fact concerning her liability for the remainder of the $18,000 she admittedly agreed to pay for accounts receivable (*see, Zuckerman v City of New York*, 49 NY2d 557). However, summary judgment on the issue of damages for the cause of action on the promissory note is denied, as there is an issue of fact as to whether the agreement was orally modified to increase the amount owed by an additional $534.

The buyer counterclaimed against the sellers to recover damages for breach of the contract for the sale of the building, based on their failure to procure a certificate of occupancy which permitted the use of the premises for a dental office. The buyer was entitled to summary judgment on the issue of liability on this counterclaim, as the contract of sale required the seller to deliver a certificate of occupancy, permitting the use of the premises as a dental office at the closing. When the sellers were unable to do so, they signed an agreement obligating them to procure a certificate of occupancy, after the closing, "as required by the terms of the contract of sale," at their own cost (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157). A trial on the issue of damages for the breach of contract claim is required to determine the cost to obtain a certificate of occupancy for the premises permitting its use as a dental office.

However, the failure to provide a certificate of occupancy did not give rise to a cause of action to recover damages for fraud or negligent misrepresentation, either against the sellers or their attorneys (*see, Jachetta v Vivona Estates*, 249 AD2d 512; *Jordache Enters. v Gettinger Assocs.*, 176 AD2d 616). Accordingly, those branches of the sellers' cross motion and the separate cross motion of the defendants Anthony W. Mercep and Glynn and Mercep, the sellers' attorneys, to dismiss the buyer's

cross claims for fraud and negligent misrepresentation should have been granted. Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.