■ GENERAL ELECTRIC REAL ESTATE EQUITIES, INC., Respondent, et al., Plaintiff, v BELL REALTY MANAGEMENT, INC., Appellant, et al., Defendant. BELL REALTY MANAGEMENT, INC., Appellant, v GENERAL ELECTRIC CAPITAL CORPORATION et al., Respondents. [738 NYS2d 318] —Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered October 6, 2000, after a nonjury trial, inter alia, terminating the parties' limited partnership and awarding damages in favor of the limited partner (GEREE) and against the general partner (Bell), and bringing up for review orders, same court and Justice, entered April 2, 1998 and March 2, 1999, which, inter alia, granted motions by GEREE for summary judgment on its cause of action for judicial dissolution and for summary judgment dismissing Bell's causes of action for fraud, unanimously modified, on the law and the facts, to (1) in paragraph 6, on the third line after "Bell," add the words "and the limited partnership"; and on the fourth line after $309,742.06, add "to be paid $200,000 by Bell, representing the portion it wrongfully converted, and $109,742.06 by the limited partnership,"; (2) delete paragraph 6 (a) and substitute therefor: "Interest on the amount of $200,000 shall be paid directly by Bell in an amount to be determined by the Clerk, and interest on the amount of $109,742.06 shall be paid directly by the limited partnership in an amount to be determined by the Clerk;"; (3) in paragraph 6 (b), on the fourth line after the parentheses, add "to be applied to principal and interest owed by Bell,"; and at the end of the paragraph, delete the semicolon, insert a period, and add: "To the extent not fully satisfied after application of the above referred to funds, Bell shall pay any balance of principal or interest that it owes under this judgment directly to GEREE, which shall be entitled to utilize any additional remedies available to enforce and collect this money judgment, including but not limited to those under CPLR

article 51 and 52"; (4) delete paragraph 6 (c) and substitute therefor: "Upon confirmation of the Receiver's final accounting, he shall pay to GEREE, out of the limited partnership funds remaining in his hands, the principal amount and interest owed by the limited partnership."; (5) delete paragraph 6 (d); and the judgment is otherwise affirmed, without costs. Appeals from the aforesaid orders of April 2, 1998 and March 2, 1999, unanimously dismissed, without costs, as superseded by the appeal from the judgment.

Summary judgment dismissing Bell's fraudulent concealment claims was properly granted upon a record showing that the potential for environmental problems was not peculiarly within the GEREE's knowledge. Bell, an experienced real estate development and management company, was alerted to the possibility of environmental problems by its own inspection and had the opportunity to conduct due diligence before entering into the partnership agreement. Nevertheless, Bell, represented by counsel, entered into the partnership agreement, which contemplated the possibility of its own "unwinding" by reason of certain potential environmental problems, and subsequently entered into a "Continuation Agreement" in which it opted to remain in the partnership after a report revealed the extent of the problems (see, Barrier Sys. v A.F.C. Enters., 264 AD2d 432; Jachetta v Vivona Estates, 249 AD2d 512; Aglira v Julien & Schlesinger, 214 AD2d 178, 186).

Nor did the IAS court err in terminating the partnership on terms at variance with a Referee's report it had confirmed before trial. "[R]egardless of statutory time limits concerning motions to reargue, every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action." (Liss v Trans Auto Sys., 68 NY2d 15, 20; see, Spada v B.W. Energy Sys. E., 167 AD2d 328.) Once Bell asked the IAS court at trial to reconsider whether GEREE's termination notice presented a reasonable offer, the issue, whether viewed in a bad faith context or otherwise, necessarily entailed consideration of whether the notice, including the values stated therein, was valid. The record shows that Bell was given ample opportunity to present evidence in that regard, and that the prior orders involving the reference were properly recalled based on the extensive evidence presented at trial.

The weight of the evidence (see, Thoreson v Penthouse Intl., 80 NY2d 490, 495) supports the findings that the GEREE's termination notice was valid, that Bell should be deemed to have sold its partnership interest to GEREE for zero dollars, that the rental thresholds, as defined in the partnership agree-

ment, were never reached, and that Bell is not entitled to a commission on the ground lease.

While the finding that GEREE is entitled to the $309,742.06 tax refund is correct, Bell did not convert that sum. Bell paid itself only $290,000, of which $90,000 was justifiably disbursed as reimbursement for the brokerage fee it had advanced, and $200,000 has been placed in escrow. While the trial court correctly directed that the tax refund be paid to GEREE from the $200,000 escrow and then from the money in the hands of the partnership's receiver, any remaining shortfall should be recouped from the partnership assets, not Bell. Prejudgment interest payable by Bell should be limited to an amount based on the $200,000 it wrongfully took from the partnership. We modify accordingly.

We have considered Bell's other arguments and find them unavailing. Concur—Williams, J.P., Mazzarelli, Ellerin, Lerner and Rubin, JJ.