**SOTHEBY'S FINANCIAL SERVICES,
INC., Plaintiff–Counter–Defendant–
Third–Party–Defendant–Appellee,**

v.

**Michael Christopher BARAN, Defen-
dant–Counter–Claimant–Third–
Party–Plaintiff–Appellant.**

Docket No. 03–7879.

United States Court of Appeals,
Second Circuit.

June 29, 2004.

Gary S. Graifman, Kantrowitz, Goldhamer & Graifman, P.C. (Reginald H. Rutishauser, of counsel), Chestnut Ridge, NY, for Appellant.

Dean R. Nicyper, Flemming, Zulack & Williamson, LLP, New York, NY, for Appellee.

PRESENT: SACK, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Michael Baran, a buyer, seller, and collector of rare gems, entered into an agreement arranged by Paul Russo of Sotheby's, Inc. ("SI"), to bring gems owned by Brazilian gem dealers (the "Jezzinis") to auction at SI. According to Baran, Russo told him that there would be three stones and that two would arrive first, the larger of which would sell for more than a million dollars and the third for even more. Baran also asserted that Russo told him that the Jezzinis would send the third stone within seventy-two hours after Baran transferred a specified sum of money to the Jezzinis. In order to pay his portion of the costs of preparing the stones for auction, Baran obtained a loan for $350,000 from Sotheby's Financial Services, Inc. ("SFS," and together with SI, "Sotheby's"), for which he provided some of his own precious stones as collateral.

The two stones sold for a combined $790,000 at auction on October 29, 1997, of which Baran received $314,000. The third stone never arrived for auction. Nonetheless, Baran paid interest on the loan through March 21, 1999, paid $23,290 of the principal, delivered to SI five pieces of jewelry for auction to repay, in part, the

loan, and, on March 31, 1999, extended the term of the loan for another year with the consent of SFS. Baran did not repay the remainder of the loan.

On October 17, 2000, after attempts to persuade Baran to repay the outstanding portion of the loan failed, SFS filed suit. Baran asserted affirmative defenses and counterclaims against SFS and filed third-party claims against SI. After discovery was completed, Sotheby's moved for summary judgment. The district court (Barbara S. Jones, *Judge*) granted summary judgment in favor of SFS, rejected Baran's affirmative defenses, and dismissed Baran's counterclaims and third-party claims on July 25, 2003. *Sotheby's Fin. Servs., Inc. v. Baran*, No. 00 CIV. 7897 BSJ., 2003 WL 21756126, 2003 U.S. Dist. LEXIS 13079 (S.D.N.Y. Jul 29, 2003).

This appeal followed.

We review a grant of summary judgment *de novo*. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 (2d Cir. 2000). Only if there are no genuine issue of material fact can we affirm. *Id.* Although we must resolve all ambiguities and draw all inferences in favor of the nonmoving party, *id.*, the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative, or not significantly probative, *id.* at 249–50.

## I. Fraud and Fraudulent Inducement

Baran argues that the district court wrongfully dismissed his affirmative defenses and counterclaims of fraud and fraudulent inducement against SFS and his third-party claim against SI for fraud. We disagree.

Baran bases his fraud claims on two alleged misrepresentations made by Russo: first, that the larger gemstone would sell for more than one million dollars, and second, that the third stone would be delivered within seventy-two hours of the transfer of Baran's funds.

Under New York law, which both parties agree applies in this case, where a party executes an agreement affirming the original contract, the party has ratified the contract and waives any fraud claims. *See Banque Arabe Et Internationale D'Investissement v. Md. Nat. Bank*, 850 F.Supp. 1199, 1212 (S.D.N.Y.1994), *aff'd* 57 F.3d 146 (2nd Cir.1995); *see also Barrier Sys., Inc. v. A.F.C. Enters., Inc.*, 694 N.Y.S.2d 440, 440, 264 A.D.2d 432, 433 (2d Dep't 1999).

By October 29, 1997, more than a month after Baran transferred funds to the Jezzinis and after SI's auction of the two stones, in which the larger stone did not sell for a million dollars, Baran knew or should have known that neither of the "representations" made by Russo were true. Nonetheless, Baran continued to make payments on his loan through March 21, 1999, and ratified the loan on March 31, 1999, by executing an agreement affirming the original contract and his obligation to pay. Baran therefore ratified the loan and foreclosed a claim of fraud or fraudulent inducement against either SFS or SI.

## II. Breach of Fiduciary Duty Based on a Joint Venture

Baran argues that the district court erred in dismissing his claims against SFS and SI for their breach of fiduciary duty as joint venturers. We disagree.

Under New York law, to establish a joint venture, "there must be a provision for the sharing of both profits and losses." *Itel Containers Int'l Corp. v. Atlanttrafik*

*Express Serv. Ltd.,* 909 F.2d 698, 701 (2d Cir.1990) (applying New York law). There is no evidence of a profit and loss sharing agreement between Baran, Sotheby's, and the Jezzinis. The district court was correct to conclude that no joint venture existed. Therefore, neither SFS nor SI could have breached a duty based on the existence of a joint venture.

### III. Breach of Fiduciary Duty Against SI

■ Baran argues that the district court erred in concluding that his third-party claim against SI for breach of the fiduciary duty owed by an art advisor to an investor was barred by the applicable statute of limitations. Again, we disagree.

The statute of limitations for breach of fiduciary duty is three years. *See* N.Y. C.P.L.R. § 214(4) (Consol.2004); *see also Cooper v. Parsky,* 140 F.3d 433, 440–41 (2d Cir.1998) (governing actions for monetary damages for breach of fiduciary duty under New York law).

■ It is well established that the statute of limitations for an action to recover damages for breach of fiduciary duty ordinarily runs from the time the party knew or should have known of the facts underlying the claim. *Sferra v. Mathew,* 103 F.Supp.2d 617, 620 (E.D.N.Y.2000) (applying New York law). Because Baran's claims are predicated on two specific incidents, and Baran was aware of these facts by October 29, 1997, the latest a complaint could have been filed was October 29, 2000—three years later. The actions taken by SFS to liquidate Baran's collateral, taken in conformity with the loan agreement, are not a basis for tolling the limitations period. Baran filed his third-party complaint against SI on December 21, 2000. The district court was therefore correct to conclude that Baran's breach of fiduciary duty claim against SI was barred.

### IV. Negligent Misrepresentation

■ Baran argues that the district court erred in dismissing his third-party claim and counterclaim for negligent misrepresentation against SI and SFS, respectively. We disagree.

■ It is well established that conclusory representations or those that constitute "puffery," opinions as to value, or future expectations cannot form the basis of a claim for negligent misrepresentation. *Sheth v. New York Life Ins. Co.,* 273 A.D.2d 72, 74, 709 N.Y.S.2d 74, 75 (1st Dep't 2000). Representations that are merely promissory are similarly not actionable as negligent misrepresentations. *Murray v. Xerox Corp.,* 811 F.2d 118, 123 (2d Cir.1987). The district court was correct in determining that the first representation—that the stone would sell for over one million dollars—was an opinion of value and that the second representation—that a third stone would be provided—was merely a promise as to a future event. Therefore, neither are actionable as negligent misrepresentations.

### V. Conversion and Breach of Duty as Bailee

■ Finally, Baran argues that the district court erred in dismissing his conversion and breach of bailee duty claims against SFS and SI. Yet again, we disagree.

As the district court found, the loan agreement specifically allowed SFS to proceed against any of the collateral and gave SI a security interest in the collateral until such time as Baran repaid the principal and any accrued interest on the loan. The district court did not err in dismissing Baran's claims for conversion and breach of duty as a bailee.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.