The Vanderbilt Group, LLC, Appellant, v Dormitory Authority of the State of New York, Respondent. [859 NYS2d 6]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 30, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff seeks to enforce a contract with defendant for the construction of a residence hall complex at the State University of New York at Old Westbury. Defendant established prima facie, based on plaintiff's criminal conviction for offering a false instrument for filing in connection with said contract, that it was induced to enter into the contract by plaintiff's false statements. However, plaintiff submitted evidence that raised an inference that defendant was aware of the false statements made by plaintiff in its response to defendant's request for proposals and investigated them before executing the contract. Since such evidence was precluded at the trial resulting in plaintiff's criminal conviction, the doctrine of collateral estoppel does not bar the instant action (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455-456 [1985]). If defendant was aware of and investigated plaintiff's false representations and chose nevertheless to execute the contract, it waived its defense of fraud and its contractual right to terminate the contract on the basis of the misrepresentations (*see Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466, 469-470 [1978]; *Barrier Sys. v A.F.C. Enters.*, 264 AD2d 432, 433 [1999]; *Lumber Indus. v Woodlawn Furniture Corp.*, 26 AD2d 924 [1966]). Concur—Saxe, J.P., Gonzalez, Sweeny and Renwick, JJ.