■ HAVELL CAPITAL ENHANCED MUNICIPAL INCOME FUND, L.P., Appellant, v CITIBANK, N.A., Respondent. [923 NYS2d 479]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 14, 2010, which granted defendant's motion for summary judgment dismissing the amended complaint, unanimously affirmed, with costs.

Plaintiff had purchased positions in municipal bonds on margin, and secured its debt to defendant with cash and the bonds pursuant to an International Swaps and Derivatives Association agreement and related agreements. When plaintiff defaulted under the governing agreements, rather than invoke its remedies upon default, defendant offered to purchase plaintiff's bond collateral. Although plaintiff's principal complained that defendant's bid purchase prices were too low, she signed the letter "settlement agreement" that defendant proffered, which indicated the prices and the resulting shortfall in payment of the margin loan debt as a result of the declined value of the bond collateral.

Under the circumstances, the letter agreement barred plaintiff's claim for breach of obligations in the earlier agreements to act in a commercially reasonable manner and to obtain the highest obtainable prices under prevailing market conditions in liquidating plaintiff's interests. The reservation of rights in the letter agreement relied on by plaintiff did not reserve its right to challenge defendant's bond purchase prices, since such interpretation would have negated the main purpose of the letter agreement and rendered it meaningless (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]).

The claim for breach of the implied covenant of good faith, which arose from the same facts and sought identical damages, was duplicative of the contract claim (see Amcan Holdings, Inc.

*v Canadian Imperial Bank of Commerce,* 70 AD3d 423, 426 [2010], *lv denied* 15 NY3d 704 [2010]). Moreover, the duty of good faith cannot imply obligations inconsistent with the express terms of the letter agreement (*see Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304 [1983]).

Similarly, the fraud claim, which arose from the same facts, sought identical damages and did not allege a breach of any duty collateral to or independent of the parties' agreements, was redundant of the contract claim (*see Financial Structures Ltd. v UBS AG,* 77 AD3d 417, 419 [2010]).

The fraudulent inducement claim was deficient for lack of justifiable reliance, since plaintiff, a sophisticated and experienced hedge fund dealing in municipal bonds, had access to the relevant market information, and, moreover, its principal was admittedly aware that defendant's bids were too low, yet she chose to execute the letter agreement (*see e.g. Vanderbilt Group, LLC v Dormitory Auth. of State of N.Y.,* 51 AD3d 506, 507 [2008]).

Absent a confidential or fiduciary relationship, defendant was not under a duty to disclose (*see Board of Mgrs. of the Chelsea 19 Condominium v Chelsea 19 Assoc.,* 73 AD3d 581, 582 [2010]) that it was holding similar bonds in its own account and was seeking a purchaser for them at the time it was negotiating the liquidation of plaintiff's bond positions. Contrary to plaintiff's contention, the instant facts do not fall within the "special facts" doctrine (*see Swersky v Dreyer & Traub,* 219 AD2d 321, 327-328 [1996]).

Furthermore, although defendant's motion for summary judgment was brought simultaneous with service of its answer to the amended complaint, plaintiff's claimed need for discovery reflected an ineffectual "mere hope" insufficient to forestall summary judgment since the evidence that might otherwise have been obtained would not have been relevant (*see Kent v 534 E. 11th St.,* 80 AD3d 106, 114-115 [2010]). Concur—Mazzarelli, J.P., Sweeny, Acosta, Renwick and DeGrasse, JJ.