Massey v Byrne (2018 NY Slip Op 05731)





Massey v Byrne


2018 NY Slip Op 05731


Decided on August 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 9, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


6435 107935/10

[*1]Craig B. Massey, Plaintiff-Respondent,
v Christopher W. Byrne, et al., Defendants-Appellants.


Law Offices of Tedd S. Levine, LLC, Garden City (Tedd S. Levine of counsel), for appellants.
The Kurland Group, New York (Erica T. Kagan of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered May 23, 2017, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the claims for a constructive trust and unjust enrichment, and granted plaintiff's motion for summary judgment dismissing the counterclaim for fraud in the inducement, unanimously affirmed, without costs.
We found on a prior appeal that there are triable issues of fact regarding plaintiff's constructive trust and unjust enrichment claims (112 AD3d 522 [1st Dept 2013]). Defendants have identified no new information unearthed in discovery that would resolve these issues of fact. "An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court as well as on the appellate court ... [and] operates to foreclose re-examination of the question absent a showing of subsequent evidence or change of law" (Board of Mgrs. of the 25 Charles St. Condominium v Seligson, 106 AD3d 130, 135 [1st Dept 2013] [internal quotation marks omitted]; see Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544 [1st Dept 2013].
Defendants' counterclaim for fraud in the inducement was correctly dismissed. Neither the allegations in the complaint, nor the surrounding circumstances, give rise to a "reasonable inference" that plaintiff possessed fraudulent intent when he made the alleged misrepresentations that he would become certified as an Apple Macintosh technician or that he would work diligently and competently for defendant Byrne Communications (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Rather, the allegations sound in breach of contract (see Mañas v VMS Assoc., LLC, 53 AD3d 451, 453-454 [1st Dept 2008]), a claim defendants did not assert. Moreover, defendants cannot claim that they continued to pay plaintiff a salary and to permit him to live rent-free in defendant Byrne's apartment in justifiable reliance on his representations, since they admittedly had been aware for years that he was not performing his job adequately (see Havell Capital Enhanced Mun. Income Fund, L.P. v Citibank, N.A., 84 AD3d 588, 589 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 9, 2018
CLERK