Cascardo v Dratel (2019 NY Slip Op 02957)





Cascardo v Dratel


2019 NY Slip Op 02957


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9022 101055/17

[*1]Debra Cascardo, Plaintiff-Respondent,
v
Joshua Dratel, Esq., etc., al., Defendants-Appellants.


Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City (Megan A. Lawless of counsel), for appellants.
Hagan, Coury & Associates, Brooklyn (Paul Golden of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about April 17, 2018, which, inter alia, denied defendants' motion to dismiss plaintiff's claims for fraud, excessive legal fees, and breach of fiduciary duty, unanimously modified, on the law, to dismiss the fraud claim, and to dismiss the breach of fiduciary duty claim as subsumed in the excessive attorney fees claim, and otherwise affirmed, without costs.
Plaintiff's fraud claim should have been dismissed because the complaint did not sufficiently plead justifiable reliance upon defendant's claim that it needed an additional $10,000 to continue its work on her lawsuit. In fact, the complaint specifically asserts that plaintiff knew the additional $10,000 legal fee demanded by defendant would not be used for her benefit, but he required it because other clients had not paid him. This admission negates an element of the fraud claim, that plaintiff justifiably relied on the defendant's alleged misrepresentation that "[defendants] needed $10,000 to continue their work [on her case]" (see Shalam v KPMG LLP, 89 AD3d 155, 157-158 [1st Dept 2011]; Havell Capital Enhanced Mun. Income Fund, L.P. v Citibank, N.A., 84 AD3d 588, 589 [1st Dept 2011]).
The claim for excessive legal fees (and the related discussion in the complaint of defendants' alleged breach of fiduciary duty based on the alleged overcharges) was correctly sustained. Plaintiff alleged that "[her] fee bore no rational relationship to the product delivered," and detailed that, in exchange for the $25,000 fee, defendants produced only a draft complaint that was essentially identical to the one that she had presented to them (see Johnson v Proskauer Rose LLP, 129 AD3d 59, 70 [1st Dept 2015]). This claim is not duplicative of the legal malpractice claim, as plaintiff's complaints regarding the over billing were not a direct challenge to the quality of the work but instead a claim that the fee paid bore no rational relationship to the work performed (see Ullmann-Schneider v Lacher & Lovell-Taylor, P.C., 121 AD3d 415, 416 [1st Dept 2014]; Johnson, 129 AD3d at 70). To the extent that the motion court read the pro se [*2]complaint as alleging a separate cause of action for breach of fiduciary duty, these allegations are subsumed in the cause of action for excessive attorney fees.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK