Eastern Effects, Inc. v 3911 Lemmon Ave. Assoc., LLC (2024 NY Slip Op 00268)

Eastern Effects, Inc. v 3911 Lemmon Ave. Assoc., LLC

2024 NY Slip Op 00268

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Index No. 652152/22 Appeal No. 1509 Case No. 2023-00137 

[*1]Eastern Effects, Inc., Plaintiff-Appellant,
v
3911 Lemmon Avenue Associates, LLC, et al., Defendants-Respondents.

Kasowitz Benson Torres LLP, New York (Jennifer S. Recine of counsel), for appellant.
Fox Rothschild LLP, New York (Brett Berman of counsel), for 3911 Lemmon Avenue Associates, LLC, Esbond Realty LLC and Eponymous Gowanus, LLC, respondents.
Duane Morris LLP, New York (Kevin J. Fee of counsel), for Gowanus Canal Environmental Remediation Trust #2, respondent.

Order, Supreme Court, New York County (Barry R. Ostager, J.), entered on or about November 30, 2022, which, to the extent appealed from as limited by the briefs, granted defendant 3911 Lemmon Avenue Associates, LLC, Esbond Realty LLC, and Eponymous Gowanus, LLC's (collectively, landlord) motion to dismiss plaintiff's cause of action for fraud and its request for punitive damages against landlord, and granted defendant Gowanus Canal Environmental Remediation Trust #2's (the trust) motion to dismiss plaintiff's cause of action for breach of contract against the trust, unanimously modified, on the law, to reinstate plaintiff's breach of contract cause of action against the trust, and otherwise affirmed, without costs.
A fraudulent inducement cause of action is duplicative of a breach of contract claim where it is based on the same facts, seeks the same damages, and fails to allege a breach of an independent duty outside of the contract (see Havell Capital Enhanced Mun. Income Fund, L.P. v Citibank, N.A., 84 AD3d 588, 589 [1st Dept 2011]). A fraud claim is subject to dismissal when it is duplicative of a contract claim, such as where there is an insincere promise of future performance of the contract itself (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 64-65 [1st Dept 2017]; HSH Nordbank AG v UBS AG, 95 AD3d 185, 206 [1st Dept 2012]; Metropolitan Life Ins. Co. v Noble Lowndes Intl., 192 AD2d 83, 88 [1st Dept 1993]).
Here, plaintiff identifies no independent duty outside the contract to support a fraud claim. The fraud claim is based on alleged misrepresentations and omissions regarding the timing and performance of the bulkhead work, plaintiff's compensation for vacating the premises and lost business, landlord's duty to make repairs, and the termination of the lease. These are all issues that are contemplated by the settlement agreement, the lease, or both, which can be relied upon to make plaintiff whole if it prevails on its breach of contract cause of action.
As to plaintiff's request for punitive damages, it has not pleaded an independent tort nor a pattern of conduct directed at the public generally, both of which are required to recover punitive damages on a breach of contract claim (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 316 [1995]; Eisenberg v Weisbecker, 190 AD3d 549, 550 [1st Dept 2021]).
As to the breach of contract claim against the trust, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Dreisinger v Teglasi, 130 AD3d 524, 527 [1st Dept 2015]). However, "[a] contract is ambiguous if 'language is susceptible of two reasonable interpretations'" (Ladder Capital Fin. LLC v 1250 N. SD Mezz LLC, 211 AD3d 608, 608 [1st Dept 2022]). If "a contract is ambiguous, it cannot be construed as a matter of law, and dismissal. . .is not appropriate" (Telerep, LLC v U.S. Intl. Media, LLC, 74 AD3d 401, 402 [1st Dept 2010]). Here, pursuant to the [*2]settlement agreement, in order for the "construction period to end," plaintiff must be restored to possession. However, there are multiple reasonable interpretations of the settlement agreement regarding whether the "construction period" would survive a wrongful termination of the tenancy. That ambiguity forecloses dismissal of the breach of contract claim at this time.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024