Leaseway System Corp., Respondent, v Rushmore & Weber, Inc., Appellant.

Third Department, May 5, 1983

APPEARANCES OF COUNSEL

*McNamee, Lochner, Titus & Williams, P. C.* (*George F. Carpinello* of counsel), for appellant.

*DeGraff, Foy, Conway, Holt-Harris & Mealey* (*Thomas S. West* of counsel), for respondent.

OPINION OF THE COURT

Casey, J.

On May 14, 1981, plaintiff Leaseway Systems Corp. (Leaseway) negotiated a vehicle lease agreement with Tobin Packing Company (Tobin). On the same day, defendant Rushmore & Weber, Inc., signed a guarantee of such agreement on behalf of Tobin, which provides: "The Guarantor hereby irrevocably and unconditionally guarantees to Lessor the collection of all fees, rents, charges, costs, expenses, damages and any and all other sums which by virtue of Paragraphs 3 and 15 of the Agreement may be or become payable by Lessee to Lessor or its assignee. The Guarantor expressly does not guaranty any of the other provisions of the Agreement." Paragraph 4 of the guaran-

tee agreement further states that the "Guaranty is a guaranty of collection and not of payment".

Paragraph 2 of the guarantee states in full:

"2. Conditions to Obligations. The obligations of Guarantor hereunder shall arise if, and only if, one of the following conditions precedent occurs:

"(a) Lessee's operations at its Albany, New York, plant are terminated on a permanent basis;

"(b) Lessee sells or otherwise disposes of substantially all of its assets used at its Albany, New York plant and the Agreement is not assumed by Lessee's successor in interest; or

"(c) Lessee is more than three months delinquent in the payment of rent under paragraph 3 of the Agreement and Lessor exercises its rights under paragraph 15 thereof."

Thereafter, Tobin filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking reorganization under chapter 11 of the Bankruptcy Act. The Bankruptcy Court entered an order on November 20, 1981 rejecting and disaffirming Leaseway's agreement, allowing Leaseway to file a proof of claim on January 5, 1982 in the amount of $171,370.78 as an unsecured general claim and $5,470.18 as an administrative priority claim.

The gist of defendant's argument on this appeal is that the guarantee being a guarantee of collection and not of payment, plaintiff's claim must await whatever payment, if any, will be made by the Bankruptcy Court, since the liability of defendant under a guarantee of collection does not arise until the judicial remedies against the principal debtor have been exhausted, and thus plaintiff's failure to exhaust as yet its remedies in this regard is fatal. Plaintiff's contention is that since it is agreed between the parties that the conditions precedent have been met, the liability of defendant is now a guarantee of payment and absolute and, therefore, plaintiff has proceeded as far as it can in its collection efforts against Tobin by filing its notice of claim in bankruptcy.

The fact that the parties agree that the conditions precedent have been fulfilled does not, in our opinion, and

contrary to the view of plaintiff, convert the agreement to a guarantee of payment. Rather, by its express terms the agreement remains a guarantee of collection. Traditionally, a guarantor of collection "binds himself to pay only after all attempts to obtain payment from the debtor have failed" (*General Phoenix Corp. v Cabot,* 300 NY 87, 92). For negotiable instruments, the rule has been codified to provide that a guarantor of collection is liable "only after the holder has reduced his claim against the maker or acceptor to judgment and execution has been returned unsatisfied, or after the maker or acceptor has become insolvent or it is otherwise apparent that it is useless to proceed against him" (Uniform Commercial Code, § 3-416, subd [2]). In our view, this statutory provision does not alter the traditional rule, but rather, it details the steps which must be taken in order to establish that all attempts to obtain payment from the debtor have failed. Accordingly, we see no reason to apply a different standard to the instrument at issue here, which is nonnegotiable.

The record herein establishes both that Tobin is insolvent and that it is useless to proceed further against Tobin. As a result of its efforts in the bankruptcy proceeding, plaintiff has been able to repossess and sell the leased equipment and has timely filed a claim for the balance due, the bulk of which is listed as an unsecured general debt. Although there is evidence in the record of Tobin's assets, in the form of royalty agreements, which will result in future payments, it is equally apparent that most of these future payments must be used to pay a secured creditor. Accordingly, the questions as to whether plaintiff will receive any payment on its claim and, if so, when and how much, are so speculative that we find plaintiff has established that all attempts to obtain payment from the debtor have failed.

Plaintiff having sought summary judgment on the issue of liability only, Special Term properly granted its motion and referred the matter to Trial Term for an assessment of damages. We note parenthetically that plaintiff's recovery against this defendant is limited by the balance remaining on the obligation guaranteed by defendant. By operation of law and the utilization of such procedures as subrogation, a

double recovery to plaintiff will be forestalled (see *General Aniline & Film Corp. v Schrader & Son,* 12 NY2d 366; *Derby v Prewitt,* 12 NY2d 100, 107). The order of Special Term should, therefore, be affirmed.

SWEENEY, J. P., MAIN, MIKOLL and LEVINE, JJ., concur.

Order affirmed, with costs.