■ NASSAU TRUST COMPANY, Respondent, v RICHARD H. BAYER, Appellant, et al., Defendants.—In an action to recover upon written guarantees, the defendant Richard H. Bayer appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered April 19, 1985, which, upon the plaintiff's motion for summary judgment, is against him and in favor of the plaintiff in the amount of $86,311.32.

Judgment affirmed, with costs.

A surety may consent to anything to which the principal debtor has the power to agree and "when he does so consent, he is not discharged because the creditor does that to which he has consented and to which lawfully he could consent" *(Indianapolis Morris Plan Corp. v Karlen,* 28 NY2d 30, 35). In the instant case the defendant Bayer signed a guarantee which included the following provision: "5. Guarantor consents that, without notice to or further assent by Guarantor, the obligation of Borrower or of any other party for the liabilities hereby guaranteed may be modified, extended renewed prematured, or released by Bank as it may deem advisable, and that any security or securities which Bank may hold may be sold, exchanged, surrendered or released by the Bank as it may deem advisable, without impairing or affecting the obligation of Guarantor hereunder".

Subsequent to the principal debtor's default and pursuant to a settlement agreement approved by a Tennessee court order, the plaintiff sold the collateral and shared the proceeds of the sale with a purchase-money-security holder in the same collateral. The plaintiff acted within its contractual rights. Further, the sale of the collateral is conclusively deemed commercially reasonable since it was sold pursuant to a Tennessee court order *(see,* UCC 9-507 [2]).

In any event, the appellant cannot defeat the plaintiff's motion for summary judgment since he did not allege in his opposition papers any evidentiary facts showing the existence of a genuine issue of fact *(see, Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Federal Deposit Ins. Corp. v Hyer,* 66

AD2d 521). A mere assertion that a judicially approved sale was improper and not commercially reasonable is simply not an assertion of evidentiary facts. "It is well settled that a party in opposition to a motion for summary judgment must assemble and lay bare affirmative proof to support such general allegations and to demonstrate clearly that triable issues of fact exist" *(Manowitz v Senter,* 62 AD2d 898, 905, *appeal dismissed* 45 NY2d 819).

Finally, attorney's fees were properly included in the judgment awarded to the plaintiff since the guarantee signed by the appellant as well as the original note provided for such an award. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.