■ Gannett Co., Inc., Respondent-Appellant, v Max A. Tesler, Appellant-Respondent.—Order, Supreme Court, New York County (Herman Cahn, J.), entered September 13, 1990, which *inter alia,* granted plaintiff's motion for summary judgment to the extent of dismissing defendant's 1st through 20th affirmative defenses and first counterclaim, and granted in part, defendant's motion to compel disclosure, unanimously modified, on the law, to grant plaintiff summary judgment dismissing the 21st through 24th affirmative defenses and second counterclaim and entry of judgment as demanded in the complaint, and to deny defendant any disclosure, and is otherwise affirmed, without costs.

The IAS court correctly determined that plaintiff should be granted judgment on its claim based on defendant's personal guarantee of collection. Plaintiff produced evidentiary proof in admissible form establishing that it had, in fact, made every reasonable effort to recover the amount owed on the promissory note from the principal obligor before pursuing defendant for the deficiency. *(Leaseway Sys. Corp. v Rushmore & Weber,* 93 AD2d 318, 320.)

Similarly, IAS dismissed defendant's 1st through 20th affirmative defenses and first counterclaim alleging fraud in the inducement, discharge in release, and failure of consideration, since, by the plain language of the guarantee, defendant was precluded from raising any defenses or counterclaims relating to the underlying debt *(Citibank v Plapinger,* 66 NY2d 90, *rearg denied* 67 NY2d 647). In any event, defendant specifically waived the aforementioned defenses by confirming the guarantee at a time when he was aware of plaintiff's alleged fraud *(Lumber Indus. v Woodlawn Furniture Corp.,* 26 AD2d 924, 925).

The IAS court erred, however, in denying plaintiff summary judgment on the remaining 21st through 24th affirmative defenses and second counterclaim alleging the inadequacy of the sale of the principal's assets by the Trustee in Bankruptcy. This sale, duly noticed, subject to higher and better offers and approved by order of the Bankruptcy Court, was a "commercially reasonable" sale approved in a judicial proceeding pursuant to UCC 9-507 (2) *(Nassau Trust Co. v Bayer,* 119 AD2d 814).

The IAS court erred in permitting defendant disclosure for

the purpose of overcoming the presumption that the Trustee's sale of the principal's assets was proper. Since the sale was "commercially reasonable" under UCC 9-507 (2), and since defendant waived all defenses to the underlying transaction when he executed the personal guarantee and subsequent confirmation thereof, disclosure can produce no relevant information. As no issues of fact remain, defendant's motion to compel disclosure should have been denied (Chemical Bank v PIC Motors Corp., 58 NY2d 1023, 1026). Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.