■ HARRISON COURT ASSOCIATES, Respondent, v 220 WEST-CHESTER AVENUE ASSOCIATES et al., Appellants. [609 NYS2d 653] —In an action, *inter alia,* to recover the amount of a loan to the corporate defendant, and a personal guarantee by the individual defendants of the debt, brought by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated March 9, 1992, as denied their motion for disqualification of Stroock & Stroock & Lavan as attorneys for the plaintiff, and (2) so much of a judgment of the same court, dated November 18, 1992, as is in favor of the plaintiff and against them in the principal sum of $3,020,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248).

The plaintiff's motion papers, which include the guarantee and note in question, were sufficient to establish its entitlement to summary judgment in lieu of complaint *(see,* CPLR 3213; *Federal Deposit Ins. Corp. v Jacobs,* 185 AD2d 913). In opposition to the plaintiff's summary judgment motion, the guarantors, the defendants Duncomb N.V. and Leo S. Ullman, the Vice President of that corporation, raised the defense that no consideration was given on behalf of the plaintiff at or about the time of the execution of the guarantee *(see, e.g., Walcutt v Clevite Corp.,* 13 NY2d 48, *remittitur amended* 13 NY2d 903; *European Am. Bank & Trust Co. v Boyd,* 131 AD2d 629). However, upon examination of the plain language of the guarantee, which provides, *inter alia,* (1) that the defendants Duncomb and Ullman would "absolutely and unconditionally" guarantee repayment of the plaintiff's mortgage loan to the defendant 220-230 Westchester Avenue Associates, and (2)

that the guarantee "shall not be affected, modified or impaired by any state of facts or the happening from time to time of any event, including * * * [t]he invalidity, irregularity, illegality or unenforceability of, or any defect in" the note, or the guarantee itself, we find that the defendants are precluded from asserting the defense of lack of consideration with respect to the plaintiff's right to enforce the guarantee *(see, Citibank v Plapinger,* 66 NY2d 90; *Gannett Co. v Tesler,* 177 AD2d 353).

In light of the forgoing conclusion, we need not address the parties' remaining contentions with respect to the adequacy of the consideration supporting the plaintiff's enforcement of the guarantee.

We have examined the defendants' remaining contention and find that it is without merit. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.