■ RICHARD GUSMANO, Appellant, v FOUR SEASONS MESSENGER SERVICE, INC., et al., Respondents. [618 NYS2d 730] —In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), dated March 11, 1993, which denied his motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

Ordered that the order is affirmed, without costs or disbursements.

In a promissory note dated June 25, 1992, the Four Seasons Messenger Service, Inc. (hereinafter Four Seasons), obligated itself to pay the plaintiff $80,000 in 36 equal payments of $2,525.40. The note contained a provision stating that it was to be paid "without claim of setoff, defense counterclaim or deduction of any kind", except those setoffs contained in sections 3 and 10 of an employment agreement between the parties which provided that if within one year from the date of the employment agreement the plaintiff failed to increase Four Season's revenues by a certain amount then Four Seasons was entitled to a setoff against payments due on the note.

The plaintiff left Four Season's employ sometime prior to

the commencement of the instant action. According to Four Seasons, the plaintiff left voluntarily, while the plaintiff claims that he was fired. In any event, there is no doubt that plaintiff did not produce the increased revenue referred to in sections 3 and 10 of the employment agreement. Therefore, there is a factual question as to what setoff, if any, is warranted (see, Chipetine v McEvoy, 198 AD2d 321; cf., Harrison Ct. Assocs. v 220 Westchester Ave. Assocs., 203 AD2d 244).

We reject the plaintiff's contention that, because he commenced this action less than one year from date of the promissory note, Four Seasons is not permitted to interpose the setoff provision contained in the note as a defense, apparently on the theory that he was not given the one year provided for in the employment agreement to increase Four Seasons revenues. Clearly, if the plaintiff quit without justification, then he rendered the completion of his obligations under the employment agreement impossible and he should not now be permitted to argue that the setoff provisions could not be asserted until one year had passed from the signing of the note (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175). Since there is a factual question as to the circumstances under which the plaintiff left the employ of Four Seasons and therefore, whether or not the setoff contained in the note was to be applied, summary judgment was inappropriate and the Supreme Court properly denied the plaintiff's motion. Ritter, J. P., Copertino, Friedmann and Florio, JJ., concur.