■ CSS WORKS, INC., Respondent, v TELE TECH, INC., Appellant. [707 NYS2d 355] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from a judgment of the Supreme Court, Westchester County (Scancarelli, J.), entered July 23, 1999, which, upon an order of the same court entered May 25, 1999, granting the plaintiff's motion for summary judgment and denying its cross motion for summary judgment dismissing the action, is in favor of the plaintiff and against it in the principal sum of $19,600.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, the moving and answering papers are deemed the complaint and the answer, respectively, and the order entered May 25, 1999, is modified accordingly.

Pursuant to a written agreement, the defendant purchased certain pay telephone sites and equipment from the plaintiff. In conjunction with a rider to the agreement, the defendant executed a promissory note for a portion of the purchase price, which was to be held in escrow for 180 days. The stated purpose of the escrow was to ensure that the locations for all the telephones purchased were, in fact, available. The note was to be held in escrow in accordance with the terms of a second rider to the parties' agreement. The second rider additionally provided that the defendant would be entitled to a credit for each telephone that was "not operational and does not become operational during the said 180 days".

After the expiration of the 180-day period, the plaintiff demanded payment on the promissory note. When the defendant failed to make payment, the plaintiff commenced this action by moving for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendant cross-moved for summary judgment, claiming that it was entitled to certain credits exceeding the amount of the note for pay phone locations which were not operational and did not become operational during the 180-day period.

After the plaintiff made out a prima facie case for summary judgment, the defendant demonstrated the existence of a triable issue of fact as to whether it was entitled to certain credits against the amount due on the note (*see, Gusmano v Four Seasons Messenger Serv.,* 209 AD2d 379; *Lavelle v Urbach, Kahn & Werlin,* 198 AD2d 751). Contrary to the Supreme Court's determination, for the defendant to claim a credit under the agreement, it had only to demonstrate that a pay telephone location was not operational and did not become operational during the subject 180-day period (*compare, Diversified Investors Corp. v DiversiFax, Inc.,* 239 AD2d 231).

Consequently, the court erred in granting the plaintiff's motion. However, it properly denied the defendant's cross motion for summary judgment since the defendant failed to establish its entitlement to the claimed credits as a matter of law. Santucci, J. P., Friedmann, McGinity and Smith, JJ., concur.