*551 Plaintiffs moved under CPLR 3213 for summary judgment in lieu of complaint against defendant, seeking to recover a total of $650,000 plus interest, costs and fees, on a series of 10 promissory notes. Defendant contends, among other things, that plaintiffs agreed to invest $625,000 each by providing funding in tranches in accordance with a strict payment schedule, but failed to do so, and that plaintiffs fraudulently induced defendant to enter the underlying agreements pursuant to which the notes were issued.
To establish prima facie entitlement to summary judgment in lieu of complaint, a plaintiff must show the existence of a promissory note executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note’s terms (see Gullery v Imburgio, 74 AD3d 1022 [2d Dept 2010]). Once the plaintiff submits evidence establishing these elements, the burden shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense (see Pennsylvania Higher Educ. Assistance Agency v Musheyev, 68 AD3d 736 [2d Dept 2009]).
Whether a note precludes a fraud in the inducement defense hinges upon the language used by the parties. The key is whether the obligor’s reliance on a proffered misrepresentation is reasonable in light of the language used in the note (see Citibank v Plapinger, 66 NY2d 90 [1985]). Although the subject notes state that “[t]he obligations to make the payments provided for in this Note are absolute and unconditional and not subject to any defense, set-off, counterclaim, rescission, recoupment, or adjustment whatsoever,” there is no general merger clause or statement that the unenforceability of the underlying liabilities shall not affect or be a defense to the notes (compare Red Tulip, LLC v Neiva, 44 AD3d 204, 209-213 [1st Dept 2007]). Significantly, each note states that “the Holder made representations and warranties to the Company upon which the Company is relying in connection with the transaction evidenced [by this note].” Given these circumstances, it cannot be said, as a matter of law, that the waiver provision forecloses defendant’s reliance on the claim that it was fraudulently induced to enter the underlying agreement pursuant to which the relevant notes were issued.
Accordingly, plaintiffs’ motion for summary judgment in lieu *552 of complaint (CPLR 3213) should have been denied. Concur— Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ.