■ GEORGE F. HYMAN, Appellant, v DOMINICK GOLIO, Respondent. [24 NYS3d 84]—

In an action to recover upon a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated December 8, 2014, as, upon reargument, in effect, adhered to a prior determination in an order of the same court dated September 2, 2014, denying his motion for summary judgment in lieu of complaint.

Ordered that the order dated December 8, 2014, is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated September 2, 2014, is vacated, and thereupon, the plaintiff's motion for summary judgment in lieu of complaint is granted.

The plaintiff established, upon reargument, his prima facie entitlement to judgment as a matter of law by proving the existence of a guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty (*see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro,* 25 NY3d 485, 492 [2015]; *Davimos v Halle,* 35 AD3d 270, 272 [2006]). In opposition, the defendant failed to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense (*see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro,* 25 NY3d at 492; *Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc.,* 57 AD3d 708, 710 [2008]).

The guaranty executed by the defendant is a separate undertaking and a self-standing document (*see Acadia Woods Partners, LLC v Signal Lake Fund LP,* 102 AD3d 522, 523

[2013]), and properly served as the predicate for the plaintiff's motion for summary judgment in lieu of complaint (*see* CPLR 3213; *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro*, 25 NY3d 485 [2015]). By its plain terms, and its broad, sweeping, and unequivocal language, the defendant's guaranty forecloses any challenge to the enforceability and validity of the promissory note made by nonparty Craniofacial Surgery P.C. (hereinafter Craniofacial) (*see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro*, 25 NY3d at 494). By the plain language of the guaranty, the defendant was precluded from raising any defenses or counterclaims relating to the underlying debt (*see Gannett Co. v Tesler*, 177 AD2d 353, 353 [1991], citing *Citibank v Plapinger*, 66 NY2d 90, 90 [1985]). "[T]he liability of [a] guarantor may be broader than and exceed the scope of that of the principal where the guarantee . . . is, by its unqualified language, enforceable against the guarantor" (*Raven El. Corp. v Finkelstein*, 223 AD2d 378, 378 [1996], citing *European Am. Bank v Lofrese*, 182 AD2d 67, 74 [1992]; *see Manufacturers Hanover Trust Co. v Green*, 95 AD2d 737 [1983]). Here, the subject guaranty effectively provides that, even if the principal is able to escape liability, the guarantee is still enforceable (*see Manufacturers Hanover Trust Co. v Green*, 95 AD2d at 737, citing *Bank of N. Am. v Shapiro*, 31 AD2d 465, 466 [1969]; *Franklin Natl. Bank v Eurez Constr. Corp.*, 60 Misc 2d 499 [Sup Ct, Nassau County 1969]; *see also Gard Entertainment, Inc. v Country in N.Y., LLC*, 96 AD3d 683 [2012]; *Harrison Ct. Assoc. v 220 Westchester Ave. Assoc.*, 203 AD2d 244 [1994]; *European Am. Bank v Lofrese*, 182 AD2d at 73-74; 63 NY Jur 2d, Guaranty and Suretyship § 124).

The defendant's remaining contention is without merit.

For these reasons, upon reargument, the Supreme Court should have vacated its prior order, and thereupon, granted the plaintiff's motion for summary judgment in lieu of complaint. Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.