■ UNITED RENTALS (NORTH AMERICA), INC., Respondent, v IRON AGE TOOL CORP. et al., Defendants, and STEVEN J. DURANTE, Appellant. [57 NYS3d 177]——

In an action, inter alia, to recover on a personal guarantee, the defendant Steven J. Durante appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Peck, J.), entered November 30, 2015, as, upon an order of the same court entered October 23, 2015, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on the personal guarantee and denying those branches of his cross motion which were for summary judgment on his cross claim for common-law indemnification against the defendant Iron Age Tool Corp., and pursuant to CPLR 3025 (b) for leave to amend his answer, is in favor of the plaintiff and against him in the principal sum of $81,690.95, and is, in effect, in favor of the defendant Iron Age Tool Corp. and against him dismissing his cross claim for common-law indemnification against that defendant.

Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the cross claim for common-law indemnification asserted by the defendant Steven J. Durante against the defendant Iron Age Tool Corp., and substituting therefor a provision awarding judgment to the defendant Steven J. Durante against the defendant Iron Age Tool Corp. on that cross claim; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Steven J. Durante, that branch of the cross motion of the defendant Steven J. Durante which was for summary judgment on his cross claim for common-law indemnification against the defendant Iron Age Tool Corp. is granted, and the order entered October 23, 2015, is modified accordingly.

In November 2009, the plaintiff entered into a credit agreement with the defendant Iron Age Tool Corp. (hereinafter Iron Age), pursuant to which the plaintiff rented construction equipment to Iron Age. The defendant Steven J. Durante executed a guarantee in favor of the plaintiff personally guaranteeing Iron Age's payment obligations under the terms of the agreement. In December 2012, the plaintiff commenced this action to recover damages for breach of the credit agreement and to recover on the personal guarantee. In an order entered October 23, 2015, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint, and denied those branches of Durante's cross motion which were for summary judgment on his cross claim for common-law indemnification against Iron Age and pursuant to CPLR 3025 (b) for leave to amend his answer. Thereafter, on November 30, 2015, a judg-

ment was entered, upon the order, in favor of the plaintiff and against the defendants in the principal sum of $81,690.95.

On a motion for summary judgment to enforce a written guarantee, the creditor must prove an absolute and unconditional guarantee, the underlying debt, and the guarantor's failure to perform under the guarantee (*see H.L. Realty, LLC v Edwards*, 131 AD3d 573, 574 [2015]; *City of New York v Clarose Cinema Corp.*, 256 AD2d 69, 71 [1998]; *see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro*, 25 NY3d 485, 492 [2015]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on its cause of action to recover on the personal guarantee by proving the existence of the unconditional guarantee, the underlying debt, and Durante's failure to perform under the guarantee (*see Hyman v Golio*, 134 AD3d 992, 992 [2015]; *H.L. Realty, LLC v Edwards*, 131 AD3d at 574). In opposition, Durante failed to raise a triable issue of fact with respect to a bona fide defense (*see Hyman v Golio*, 134 AD3d at 992). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on the personal guarantee.

The Supreme Court also properly denied that branch of Durante's cross motion which was pursuant to CPLR 3025 (b) for leave to amend his answer. While leave to amend a pleading generally should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit (*see Davis v South Nassau Communities Hosp.*, 26 NY3d 563, 580 [2015]), here, the proposed amendment was patently devoid of merit (*see Marcum, LLP v Silva*, 117 AD3d 917, 918 [2014]).

However, the Supreme Court erred in denying that branch of Durante's cross motion which was for summary judgment on his cross claim for common-law indemnification against Iron Age. Generally, "a surety is equitably entitled to full indemnity against the consequences of a principal obligor's default" (*Lori-Kay Golf v Lassner*, 61 NY2d 722, 723 [1984]; *see Leghorn v Ross*, 53 AD2d 560 [1976], *affd* 42 NY2d 1043 [1977]). Here, Durante established his prima facie entitlement to judgment as a matter of law on his cross claim for common-law indemnification (*see DeForge v Karwoski*, 87 AD3d 1323, 1323-1324 [2011]; *Leghorn v Ross*, 53 AD2d at 560). Iron Age did not oppose Durante's cross motion and, thus, failed to raise a triable issue of fact in opposition. Chambers, J.P., Roman, Miller and Connolly, JJ., concur.