Encore Nursing Ctr. Partners Ltd. Partnership-85 v Schwartzberg (2019 NY Slip Op 03951)





Encore Nursing Ctr. Partners Ltd. Partnership-85 v Schwartzberg


2019 NY Slip Op 03951


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-07700
2017-04306
 (Index No. 68730/15)

[*1]Encore Nursing Center Partners Limited Partnership-85, respondent, 
v
Harris Schwartzberg, appellant (and a third-party action).


Garfunkel Wild, P.C., Great Neck, NY (Roy W. Breitenbach and Michael J. Keane, Jr., of counsel), for appellant.
Kleinberg, Kaplan, Wolff & Cohen, P.C., New York, NY (Marc R. Rosen and David Schechter of counsel), for respondent.



DECISION & ORDER
In an action, in effect, to recover on a personal guaranty, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Alan D. Scheinkman, J.), dated June 14, 2016, and (2) a judgment of the same court dated March 29, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims. The judgment, insofar as appealed from, upon the order, is in favor of the plaintiff and against the defendant in the principal sum of $1,378,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff owned real properties which it leased to certain entities affiliated with the defendant to operate nursing home facilities. The defendant's affiliates (hereinafter the borrowers), in order to fund their operation of the nursing homes, entered into a loan and security agreement with the plaintiff pursuant to which the plaintiff, as lender, loaned the borrowers the total sum of $5,377,854. Under the terms of the loan and security agreement, as amended, the borrowers were obligated to reduce the outstanding principal balance of the loan to $1,378,000 on February 28, 2009, and to pay the remaining principal balance of $1,378,000 by December 31, 2009. The defendant executed an absolute and unconditional guaranty in favor of the plaintiff personally [*2]guaranteeing the borrowers' payment obligations under the terms of the loan and security agreement up to a maximum amount of $1,378,000. The borrowers subsequently defaulted on their payment obligations to the plaintiff.
In October 2015, the plaintiff commenced this action, in effect, to recover on the personal guaranty. The defendant answered the complaint and asserted various counterclaims and affirmative defenses, including that the action was barred by the statute of limitations. The plaintiff moved, inter alia, for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims. In an order dated June 14, 2016, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims. Thereafter, a judgment was issued, dated March 29, 2017, upon the order, in favor of the plaintiff and against the defendant in the principal sum of $1,378,000.
"A guaranty is a promise to fulfill the obligations of another party, and is subject to the ordinary principles of contract construction" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [internal quotation marks omitted]; see Louis Dreyfus Energy Corp. v MG Ref. & Mktg., Inc., 2 NY3d 495, 500). "Under those principles, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d at 493, quoting Greenfield v Philles Records, 98 NY2d 562, 569; see Wider Consol., Inc. v Tony Melillo, LLC, 107 AD3d 883, 884). " On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty'" (H.L. Realty, LLC v Edwards, 131 AD3d 573, 574, quoting City of New York v Clarose Cinema Corp., 256 AD2d 69, 71; see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d at 492; United Rentals [N. Am.], Inc. v Iron Age Tool Corp., 150 AD3d 1304, 1306).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by proving the existence of the unconditional guaranty, the underlying debt, and the defendant's failure to make payment in accordance with the terms of the guaranty (see United Rentals [N. Am.], Inc. v Iron Age Tool Corp., 150 AD3d at 1306; Hyman v Golio, 134 AD3d 992; North Fork Bank Corp. v Graphic Forms Assoc., Inc., 36 AD3d 676).
In opposition, the defendant failed to raise a triable issue of fact with respect to a bona fide defense (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d at 492; Hyman v Golio, 134 AD3d at 992; E.D.S. Sec. Sys. v Allyn, 262 AD2d 351). Contrary to the defendant's contention, the action is not time-barred. "The six-year Statute of Limitations applicable to a guaranty begins to run when the debtor defaults on the underlying debt" (Haber v Nasser, 289 AD2d 199, 200; see CPLR 213). " [W]here a contract provides for continuing performance over a period of time, each breach may begin the running of the statute anew such that accrual occurs continuously and plaintiffs may assert claims for damages occurring up to six years prior to the filing of the suit'" (Beller v William Penn Life Ins. Co. of N.Y., 8 AD3d 310, 314, quoting Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68, 80; see Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d 1226, 1228). Here, the remaining principal balance of $1,378,000, which the borrowers' failed to pay, was not due and payable until December 31, 2009. Therefore, this action, which was commenced in October 2015, was timely.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court