Queens Syndicate Co. v Daniarov (2025 NY Slip Op 04196)

Queens Syndicate Co. v Daniarov

2025 NY Slip Op 04196

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-00590
 (Index No. 718854/19)

[*1]Queens Syndicate Company, respondent,
v
Dmitri Daniarov, appellant.

Jacobs P.C., New York, NY (Eduard Kushmakov of counsel), for appellant.
Hankin & Mazel, PLLC, Great Neck, NY (Mark L. Hankin of counsel), for respondent.

DECISION & ORDER
In an action to recover on a personal guaranty, the defendant appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered December 14, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the seventh affirmative defense, asserting equitable estoppel.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant, Dmitri Daniarov, to recover certain amounts owed under a commercial lease pursuant to a guaranty signed by the defendant. The defendant interposed an answer containing various affirmative defenses, including equitable estoppel. The plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the seventh affirmative defense, asserting equitable estoppel. In an order entered December 14, 2023, the Supreme Court, among other things, granted those branches of the motion.
"The absolute and unconditional guaranty in this case was separate and distinct from the underlying lease and constituted an independent agreement that imposed direct and primary obligations of payment on the defendant" (Pitsy, LLC v Rindenow, 165 AD3d 1300, 1301; see Hyman v Golio, 134 AD3d 992, 992). Such guaranties "have been consistently upheld by New York courts" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 493).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of liability by proving the existence of the unconditional guaranty and the defendant's failure to perform under the guaranty (see 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 798; see also Pitsy, LLC v Rindenow, 165 AD3d at 1301; United Rentals [N. Am.], Inc. v Iron Age Tool Corp., 150 AD3d 1304, 1306). In opposition, the defendant failed to raise a triable issue of fact with respect to a bona fide defense (see United Rentals [N. Am.], Inc. v Iron Age Tool Corp., 150 AD3d at 1306).
The defendant's contention that an award of summary judgment was premature [*2]because of outstanding disclosure is without merit, because he failed to demonstrate that "discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Leak v Hybrid Cars, Ltd., 132 AD3d 958, 959 [internal quotation marks omitted]; see Quintanilla v Mark, 210 AD3d 713, 714). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Leak v Hybrid Cars, Ltd., 132 AD3d at 959 [internal quotation marks omitted]; see Quintanilla v Mark, 210 AD3d at 715).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the seventh affirmative defense, asserting equitable estoppel.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court